IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

UNITED STATES OF AMERICA and
THE STATE OF WISCONSIN,

      Plaintiffs,

  v.

GEORGE A. WHITING PAPER COMPANY;
GREEN BAY METROPOLITAN SEWERAGE
DISTRICT; GREEN BAY PACKAGING, INC.;
HEART OF THE VALLEY METROPOLITAN
SEWERAGE DISTRICT; INTERNATIONAL
PAPER CO.; LAFARGE NORTH AMERICAN
INC.; LEICHT TRANSFER & STORAGE CO.;
NEENAH FOUNDRY COMPANY; THE
PROCTER & GAMBLE PAPER PRODUCTS CO.;
UNION PACIFIC RAILROAD COMPANY
COMPANY; and WISCONSIN PUBLIC
SERVICE CORP.,

      Defendants.

Civil Action No. 09-CV-00692

---

DECLARATION OF RICHARD C. YDE IN SUPPORT OF
RESPONSE TO INTERVENOR'S OPPOSITION TO
MOTION TO ENTER AMENDED CONSENT DECREE

---

I, RICHARD C. YDE, declare and state as follows:

1.    I am an adult resident of Wisconsin, have personal, first-hand knowledge of the matters set forth in this declaration, and if called as a witness and duly sworn, could testify competently thereto.

2. I am one of the attorneys of record for the City of De Pere ("De Pere") in the Contribution Lawsuit (as defined below). I make this declaration in support of the anticipated motion by Plaintiff, United States of America, to enter the consent decree lodged on September 25, 2009 and to address the anticipated opposition to said motion by Intervenors, Appleton Papers Inc. ("API") and NCR Corporation ("NCR").

3. De Pere is a defendant in this action and a party to the above-referenced consent decree. De Pere is also a defendant in the suit filed by Intervenors, *Appleton Papers Inc. et al. v. George A. Whiting Paper Company, et al.,* Case No. 2008CV00016 (the "Contribution Lawsuit"). The operative pleading in the Contribution Lawsuit alleges that De Pere is liable to Intervenors with respect to discharges of PCBs from its wastewater treatment plant.

## RECORDS AND WRITTEN DISCOVERY

4. At all times, De Pere's records have been available for inspection and copying pursuant to Wisconsin's Public Records Law. Wis. Stat. §§ 19.31 – 39.

5. In May of 2009, in response to discovery from API, De Pere responded to interrogatories and offered to make all records of its wastewater treatment plant available for inspection. Those records are contained in 100 oversized bankers boxes and two large file cabinet drawers located at the treatment plant.

6. In July of 2009, in response to API's request for a more detailed response to its discovery, I offered to meet with them at the treatment plant and direct them to relevant records and to discuss any other discovery issues.

7. There was no further communication from Intervenors about documents or written discovery until November of 2009. On November 12, 2009, by email, Anthony Steffek, one of API's attorneys, requested additional interrogatory answers and arrangements to view the treatment plant records.

8. De Pere provided the additional interrogatory answers on November 25, 2009.

9. Mr. Steffek and I agreed to conduct the record inspection on November 19, 2009. The November 19, 2009 record inspection was cancelled at Mr. Steffek's request.

10. Mr. Steffek and Ted Waskowski of our office conducted the record inspection on December 4, 2009. The records available for inspection by Mr. Steffek were not limited in any way except that one memorandum from the City Attorney was removed as privileged. Mr. Steffek identified certain records for copying. All records identified were copied and sent to API on December 17, 2009.

11. De Pere has received no further requests for discovery or record inspection from API.

12. De Pere has received no discovery requests from NCR.

## DEPOSITIONS

13. Intervenors requested depositions of two De Pere witnesses, Michael Kersten and Merwyn Sorenson. The deposition of Mr. Kersten was taken on August 5, 2009 and of Mr. Sorenson on August 19, 2009.

14. The deposition of Mr. Kersten was not limited as to subject matter, and no objections were made during the deposition other than to the form of questions.

15. The deposition of Mr. Sorenson was not limited as to subject matter and no objections were made during the deposition other than to the form of questions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 15, 2010, at Madison, Wisconsin.

_____
Richard C. Yde