**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA and <br> THE STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> GEORGE A. WHITING PAPER COMPANY, et al. <br><br> Defendants. | Case No. 09-CV-00692 |

**SEVENTH CIRCUIT RULE 3(c) DOCKETING STATEMENT OF INTERVENORS,
APPLETON PAPERS INC. AND NCR CORPORATION**

Intervenors Appleton Papers Inc. and NCR Corporation ("Intervenors"), by their undersigned counsel, respectfully submit this Docketing Statement pursuant to Circuit Rule 3 of the United States Court of Appeals for the Seventh Circuit.

## I. DISTRICT COURT JURISDICTION

The United States District Court for the Eastern District of Wisconsin has jurisdiction over the subject matter of this action, and the parties hereto, pursuant to Section 113(b) and (e) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9606 and 9607, as amended by the Superfund Amendments and Reauthorization Act of 1986 ("CERCLA"), 42 U.S.C. §§ 9613(b) and (e), and 28 U.S.C. §§ 1331 and 1345.

Several of the parties to this action are corporations, including:

- Defendant George A. Whiting Paper Company ("Whiting") is a Wisconsin corporation with its principal place of business in Menasha, Wisconsin.

- Defendant Green Bay Packaging, Inc. ("Green Bay Packaging") is a Wisconsin corporation with its principal place of business in Green Bay, Wisconsin.

- Defendant International Paper Co. ("IP") is a New York corporation with its principal place of business in Memphis, Tennessee.

- Defendant Lafarge North America Inc. ("Lafarge") is a Maryland corporation with its principal place of business in Herndon, Virginia.

- Defendant Leicht Transfer & Storage Co. ("Leicht") is a Wisconsin corporation with its principal place of business in Green Bay, Wisconsin.

- Defendant Neenah Foundry Company ("Neenah Foundry") is a Wisconsin corporation with its principal place of business in Neenah, Wisconsin.

- Defendant The Procter & Gamble Paper Products Co. ("P&G") is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

- Defendant Union Pacific Railroad Company ("Union Pacific") is a Delaware corporation with its principal place of business in Omaha, Nebraska.

- Defendant Wisconsin Public Service Corp. ("WPS") is a Wisconsin corporation with its principal place of business in Green Bay, Wisconsin.

- Defendant City of De Pere ("De Pere") is a Wisconsin municipal corporation organized under the laws of the State of Wisconsin, with its principal place of business located in De Pere, Wisconsin.

- Intervenor Appleton Papers Inc. ("API") is a Delaware corporation with its principal place of business in Appleton, Wisconsin.

- Intervenor NCR Corporation ("NCR") is a Maryland corporation with its principal place of business in Duluth, Georgia.

API and NCR were permitted to intervene in this action with full party status by Order of the district court entered on November 10, 2009.

## II. APPELLATE COURT JURISDICTION

28 U.S.C. § 1291 confers jurisdiction on the United States Court of Appeals for the Seventh Circuit of this appeal of the Decision and Order Approving Consent Decree entered by

2

the United States District Court for the Eastern District of Wisconsin – Green Bay Division on December 16, 2009.

The Notice of Appeal of Intervenors Appleton Papers Inc. and NCR Corporation was filed with the United States District Court for the Eastern District of Wisconsin – Green Bay Division on February 12, 2010.

No motions claimed to toll the time within which to appeal have been filed.

This case is not a direct appeal from the decision of a magistrate judge.

### III. THE ORDER APPROVING CONSENT DECREE IS IMMEDIATELY APPEALABLE.

This appeal is from the Decision and Order Approving Consent Decree ("Order Approving Consent Decree") entered by the United States District Court for the Eastern District of Wisconsin – Green Bay Division on December 16, 2009. The Order approves and enters a Consent Decree between Plaintiffs United States of America and The State of Wisconsin and eleven of the twelve defendants hereto – Whiting, Green Bay Metropolitan Sewerage District ("GBMSD"), Green Bay Packaging, Heart of the Valley Metropolitan Sewerage District ("Heart of the Valley MSD"), IP, Lafarge, Leicht, Neenah Foundry, P&G, Union Pacific, and WPS. The Consent Decree resolves these defendants' liability to Plaintiffs with regard to clean up of polychlorinated biphenyls ("PCBs") discharged into the Lower Fox River in Wisconsin ("LFR").

Plaintiffs' claims against De Pere with regard to PCB contamination of the LFR remain for disposition in the district court. Regardless, 28 U.S.C. § 1291 allows Intervenors to immediately appeal the Order Approving Consent Decree in advance of resolution of Plaintiffs' claims against De Pere. "The only prerequisites to appellate jurisdiction [pursuant to 28 U.S.C. § 1291] are a final judgment and a timely notice of appeal." *Fairley v. Andrews*, 578 F.3d 518, 521 (7th Cir. 2009). Orders approving and entering consent decrees constitute final judgments

3

for purposes of Section 1291.  *See Bogard v. Wright*, 159 F.3d 1060, 1062 (7th Cir. 1998) ("[i]t is true that the consent decree … was a final decision for purposes of section 1291").  The United States Supreme Court has confirmed that "a consent decree is a final judgment." *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 391 (1992).  This is nearly universal among the circuits. *See Inmates of Suffolk County Jail v. Rouse*, 129 F.3d 649, 645 (1st Cir. 1997) ("consent decrees are final judgments"); *Delaware Valley Citizens' Council for Clean Air v. Commonwealth of Pennsylvania*, 674 F.2d 976, 981 (3rd Cir. 1982) ("[a] consent decree is, after all, a judgment and is entitled to a presumption of finality"); *Sanders v. Monsanto Co.*, 574 F.2d 198, 199 (5th Cir. 1978) (consent order accepted by court operates as final judgment); *Vanguards of Cleveland v. City of Cleveland*, 753 F.2d 479, 484 (6th Cir. 1985) ("[a] consent decree, although founded on an agreement of the parties, is a final judgment"); *United States v. Homestake Mining Co.*, 595 F.2d 421, 425 (8th Cir. 1979) (citations omitted) ("[a] consent decree is a judicial act and 'possesses the same force and character as a judgment rendered following a contested trial'"); *Stone v. City and County of San Francisco*, 968 F.2d 850, 854 (9th Cir. 1992) ("[a] consent decree is considered a final judgment despite the fact that the district court retains jurisdiction over the case"); *Johnson v. Lodge #93 of the Fraternal Order of Police*, 393 F.3d 1096, 1101 (10th Cir. 2004) ("[a] consent decree is a negotiated agreement that is entered as a judgment of the court"); *Clark v. Housing Auth. of City of Alma*, 971 F.2d 723, 725 (11th Cir. 1992) ("[a] consent decree is a final judgment").

## IV.  PRIOR OR RELATED APPELLATE PROCEEDINGS

There have been no prior or related appellate proceedings in this case.

## V. ADDITIONAL REQUIREMENTS OF CIRCUIT RULE 3(C)(1)

This is a civil case that does not involve any criminal convictions. 28 U.S.C. § 1915(g) is inapplicable.

None of the parties to the litigation appears in an official capacity.

This case does not involve a collateral attack on a criminal conviction.

Respectfully submitted,

| APPLETON PAPERS INC. | NCR CORPORATION |
|---|---|
| /s/ Michael L. Hermes | /s/ J. Ric Gass |

| Counsel for Appleton Papers Inc.: | Counsel for NCR Corporation: |
|---|---|
| Michael L. Hermes (WI Bar No. 1019623) | J. Ric Gass (Wisconsin Bar No. 1011998) |
| Counsel of Record | Counsel of Record |
| Anthony J. Steffek (WI Bar No. 1053615) | David J. Turek (Wisconsin Bar No. 1035356) |
| Hermes Law Ltd. | Gass Weber Mullins LLC |
| 333 Main Street, Suite 601 | 309 North Water Street |
| Green Bay, Wisconsin 54301 | Milwaukee, Wisconsin 53202 |
| (920) 436-9870 | (414) 224-7697 |
| Fax: (920) 436-9871 | Fax: (414) 224-6116 |
| | |
| Ronald R. Ragatz (WI Bar No. 1017501) | Carter G. Phillips |
| Dennis P. Birke (WI Bar No. 1018345) | Sidley Austin LLP |
| Megan A. Senatori (WI Bar No. 1037314) | 1501 K Street N.W. |
| DeWitt Ross & Stevens S.C. | Washington D.C. 20005 |
| 2 E. Mifflin Street, Suite 600 | (202) 736-8270 |
| Madison, Wisconsin 53703 | Fax: (202) 736-8711 |
| (608) 255-8891 | |
| Fax: (608) 252-9243 | Kathleen L. Roach (IL Bar No. 6191432) |
| | Sidley Austin LLP |
| Charles Fried (MA Bar No. 179620) | One South Dearborn |
| 1545 Massachusetts Avenue | Chicago, IL 60603 |
| Cambridge, MA 02138 | (312) 853-7861 |
| (617) 495-4636 | Fax: (312) 853-7036 |
| Fax: (617) 496-4865 | |

Dated: February 12, 2010